UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DISTRICT

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF INTERIOR,<br>BUREAU OF INDIAN AFFAIRS-<br>WASHINGTON, D.C., BUREAU<br>OF INDIAN AFFAIRS-PINE RIDGE<br>AGENCY, OGLALA SIOUX TRIBE<br>LAND OFFICE, OGLALA SIOUX<br>TRIBE LAND COMMITTEE,<br>Defendants | 5:22-cv-5094<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the court is Plaintiff's lawsuit against the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge Agency, Oglala Sioux Tribe Land Office, and Oglala Sioux Tribe Land Committee. (Doc. 1). Plaintiff has filed a motion for appointment of counsel, (Doc. 3), and a motion to proceed in forma pauperis. (Doc. 2). She asserts in an additional lawsuit that its claims are related to those in this case. (5:23-cv-5027, Doc. 1-1, PgID 477).

**I. Motion for Leave to Proceed In Forma Pauperis**

1

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. The income stated was consistent with what she reported in the other lawsuits she has filed, including 5:22-cv-5091, 5:22-cv-5097, 5:22-cv-5094, and 5:22-cv-5095. Her income consists of recurring military retirement and disability payments. She has minimal assets and significant expenses. (Doc. 2). The Court finds Ms. Wilson is indigent within the

meaning of §1915(a)(1). The Court notes this aligns with its determination of in forma pauperis status for Plaintiff in 5:23-cv-5041, 5:22-cv-5091, 5:22-cv-5097, and 5:22-cv-5095. The Court's determination means her claims will be screened under 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915(e)

### A. Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
>    (B) the action or appeal—
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action warrants dismissal. In screening plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than

3

"legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## B. Plaintiff's allegations

Plaintiff appears to be seeking to bring her lawsuit individually and on behalf of "all enrolled served by BIA." (Doc. 1, PgID 1). Her complaint accuses "federal employees of the Bureau of Indian Affairs Realty Office" of "taking federal tribal trust lands by the use of illegal Indian Trust patents in the thousands and thousands of acres." (Id.). She attaches a "Complaint for class action suit to reclaim lands," which is in the form of a letter addressed to the United States

4

Department of Interior, Office of Inspector General. (Doc. 1-1, PgID 6). Plaintiff attaches a document purporting to be a lien filed against various tribal and federal entities, the State of South Dakota, and several counties, (Doc. 1-3, PgID 35); a letter to President Biden, (Doc. 1-4, PgID 43); a previous complaint she filed with the Department of Interior, (id., PgID 38); copies of land patent and land ownership documents, (Doc. 1-1, PgID 9-33); and 434 pages of Bureau of Indian Affairs-BLM Records.

For relief, Plaintiff desires "a review of Indian Trust Patents with digital maps made available through the Bureau of Trust Funds Administration using our enrolled numbers for our respective tribes" and "lands returned to tribes that were illegally taken by illegal Indian trust patents." (Doc. 1, PgID 3). Plaintiff seeks money damages of "$10,000 per enrolled member served by BIA." (Id.).

The Court surmises that Plaintiff intends the complaint she filed with the Department of Interior to serve as her complaint in this lawsuit. The Court notes the remedy she requests includes a variety of actions, including certain disenrollments and banishments, removing certain people from land, land given to military veterans, land for herself, a toll-free number for Oglala Sioux tribal members, and removal of Oglala Sioux Tribe Council Members from sitting on certain boards of directors. (Doc. 1-1, PgID 8-9).

**C. Analysis**

As the Court has recognized, including in prior lawsuits filed by Plaintiff, many restrictions on federal court intervention in the internal affairs of tribes are firmly in place. See, e.g., *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F. 3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court); *Wright v. Langdeau*, 158 F.Supp.3d 825, 836 (D.S.D. 2016); *Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, *5 (D.S.D. 2006). Tribal law and policy are matters to be determined by the tribe in the first instance. *Sac & Fox Tribe*, 439 F.3d at 835. Therefore, when an individual tribal member seeks federal court intervention in what appears to be a matter of internal tribal policy, the court proceeds with caution. As one court recently explained, federal question jurisdiction is not created simply because "a case involves an Indian party or contract or tribal or individual Indian property, or … arises in Indian country." *Whalen v. Oglala Sioux Tribe Executive Officers*, 2021 WL 4267654, *2 (D.S.D. 2021) (quoting COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 7.04[1][a] (Nell Jessup Newton ed., 2012)). In this case, as discussed below, Plaintiff's lawsuit must be dismissed for at least three reasons: tribal sovereign immunity, standing, and failure to meet pleading requirements.

1. Tribal Sovereign Immunity

Tribal sovereign immunity has been recognized as a significant aspect of tribes' status as sovereigns. *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (holding that tribes possess "common-law immunity from suit traditionally enjoyed by sovereign powers"). This immunity is viewed as "a necessary corollary to Indian sovereignty and self-governance." *Bay Mills,* 572 U.S. at 788 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 476 U.S. 877, 890 (1986)). Suits may be brought against tribes if the tribe waives its immunity or Congress abrogates it. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991); *Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 696 (8th Cir. 2019) (citing *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 685 (8 Cir. 2011)). Any waiver of tribal sovereign immunity must be "unequivocal." *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995).

In the context of a lawsuit brought in federal court, "sovereign immunity is a jurisdictional question." *Rupp*, 45 F.3d at 1244 (citing *Puyallup Tribe, Inc. v. Washington Game Dep't*, 433 U.S. 165, 172 (1977)). The upshot is that, if the Tribe possesses sovereign immunity, the district court "has no jurisdiction." *Puyallup*, 433 U.S. at 172; *Rupp,* 45 F.3d at 1244. Furthermore, a federal court must assess whether it has jurisdiction as a threshold matter in every case. *Oglala*

*Sioux Tribe v. Schwarting*, 894 F.Supp.2d 1195, 1198 (8th Cir. 2012) (quoting *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011)).

Plaintiff's claims have been filed against, among others, the Oglala Sioux Tribe Land Office and Oglala Sioux Tribe Land Committee. These entities are subdivisions of the Oglala Sioux Tribe governing body. When members of the governing body or its subdivisions perform their assigned duties, they act in their official capacities. See generally, *Whalen*, 2021 WL 4267654, *3 (D.S.D. 2021) (discussing role of Oglala Sioux Tribe Election Commission). As a result, the Oglala Sioux Tribe Council is immune from suit and its subdivisions are as well. See, e.g., *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (immunity extended to tribal college); *Stathis v. Marty Indian School Board Inc.*, 560 F.Supp.3d 1283, 1291 (D.S.D. 2021) (noting that "a tribe's sovereign immunity may extend to a tribal entity or agency").

In this case, the Court determines it lacks jurisdiction to entertain Plaintiff's lawsuit against the Oglala Sioux Tribe Land Office and Oglala Sioux Tribe Land Committee. They serve as subdivisions of the Oglala Sioux Tribe and therefore, enjoy sovereign immunity unless Congress has abrogated the immunity or the tribe has waived it in the context of this lawsuit. The Court is aware of no such abrogation or waiver and Plaintiff supplies no evidence of either. The sovereign immunity of the Oglala Sioux Tribe remains in place with respect to this lawsuit,

meaning this Court lacks subject matter jurisdiction. The Court has the authority under Rule 12(h) to dismiss before service if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h). See *Goodface v. Lower Brule Sioux Tribe 2020 Election Board*, 2020 WL 5017352, *1 (D.S.D. 2020) (citing *Evans v. Suter*, 2010 WL 1632902, *1 (D.D.C. 2010) (collecting cases)). Therefore, Plaintiff's claims against the Oglala Sioux Tribe Land Office and Oglala Sioux Tribe Land Committee are dismissed for lack of jurisdiction.

2. Standing

The United States Supreme Court has set forth the requirements for Article III standing in numerous cases. The "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact," meaning, invasion of a legally protected interest; "there is a causal connection between the injury and the conduct complained of"; and the injury can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). See also *Department of Commerce v. New York*, ___ U.S. ___, 139 S. Ct. 2551, 2565, 204 L.Ed.2d 978 (2019) (in a dispute over a citizenship question on the 2020 census, states had standing, given the potential impact on their representation in Congress). As numerous courts have held, if a plaintiff lacks standing, the district court does not have subject matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013). See also *Faibisch v.*

*University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (reversed on other grounds); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers,* 2005 WL 2429799, *2 (D.S.D. 2005).

In addressing a challenge to tribal election procedures, the Eighth Circuit reiterated its "obligation" to examine standing, and cited its formulation of the rule that "a plaintiff must have suffered an injury in fact that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022) (quoting *Hawse v. Page*, 7 F.4th 685, 688 (8th Cir. 2021)). The court added that "a 'generalized grievance' does not count as an Article III injury." *Id.* (citing *Carney v. Adams,* 592 U.S. ___, 141 S,Ct. 493, 499 (2020)). The court concluded the plaintiff lacked standing to challenge a tribal residency requirement for public office because he did not allege that he intended to pursue an office. *Id.*

As noted above, Plaintiff has sued federal agencies including the Department of Interior, Bureau of Indian Affairs-Washington, D.C., and Bureau of Indian Affairs-Pine Ridge Agency. (Doc. 1, PgID 1). It is clear the Defendants Department of Interior and Bureau of Indian Affairs, both at the local and national levels, would not be responsible to pay Plaintiff the millions of dollars she has demanded. (Doc. 1, PgID 4). Plaintiff has submitted a lengthy list of generalized grievances and has failed to allege a plausible injury in fact by Defendants that is

redressable by this Court. The Court finds Plaintiff lacks standing in this action, which deprives the Court of jurisdiction. Therefore, Plaintiff's claims are dismissed.

Plaintiff also seeks to assert claims on behalf of "all enrolled served by BIA." (Doc. 1, PgID 1). Numerous cases have addressed the question of a tribal member's standing to assert the rights of himself or herself individually, of tribal members as a group, or of the tribe itself. See, e.g., *Ashley v. U.S. Dept. of Interior*, 408 F.3d 997, 1000-1003 (8th Cir. 2005) (analyzing tribal members' standing to sue Department of Interior and private parties for alleged misuse of tribal trust funds, and holding tribal members lack standing where claim is not redressable because government does not control tribe's spending); *Delorme v. United States.*, 354 F.3d 810, 816 (8th Cir. 2004) (plaintiff failed to establish standing as individual, as representative of the tribe, or as the tribe seeking standing on behalf of its members); *Rosebud Sioux Tribe v. United States*, 450 F.Supp.3d 986, 1003 (D.S.D. 2020) (tribe has standing to pursue health care for its members from Indian Health Services). In this case, there is no indication Plaintiff is a representative of the tribe or its members, or that she has an official capacity with the tribe. Therefore, she lacks standing to assert claims on behalf of other enrolled tribal members against any of the Defendants in this case.

11

Furthermore, as noted above, Plaintiff has filed a complaint with the Department of Interior Inspector General and Bureau of Indian Affairs which apparently remains unresolved. (Doc. 1-1, PgID 6). At this juncture, Plaintiff's claim against the agencies in this lawsuit is not ripe for resolution and is therefore dismissed. *Metzger v. Village of Cedar Creek, Neb,* 370 F.3d 822, 823 (8th Cir. 2004) (court lacks subject matter jurisdiction over claim that is not ripe, meaning a final decision on the claim has not been made).

3. Pleading in accordance with F.R.C.P. 9

Because Plaintiff has alleged that various employees "have taken thousands of acres of tribal trust lands for personal gain through theft," (Doc. 1, PgID 3), she has alleged serious fraud. When a plaintiff alleges fraud, the requirements of F.R.C.P. 9(b) must be met. The Rule provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading the fraud with particularity means the plaintiff must supply sufficient information about the fraudulent conduct to enable the defendant to "respond specifically and quickly" to defend against the allegations. *United States ex rel Strubbe v. Crawford Cnty. Mem. Hosp.,* 915 F.3d 1158, 1163 (8th Cir. 2019). As the court described the requirements in affirming the dismissal of a fraud claim, "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as

12

well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir.2006)). The Eighth Circuit has noted in several cases that this means the plaintiff must plead "the who, what, where, when, and how" of the allegations of fraud. See, e.g., *Ascente Business Consulting, LLC v. DRmyCommerce,* 9 F.4th 839, 845 (8th Cir 2021); *Ambassador Press, Inc. v. Durst Image Tech., U.S., LLC,* 949 F.3d 417, 421 (8th Cir. 2020); *Joshi,* 441 F.3d at 556.

Plaintiff's complaint to the Department of Interior alleges wrongdoing from 1983-2022 and that "trust lands were maliciously taken from the Oglala Sioux Tribe members." (Doc. 1-1, PgID 7-8). She asserts over 2,000 acres have been "fraudulently collected." (Id., PgID 7). These allegations are serious but are not supported with anything approaching the "who, what, where, when, and how" standard of *Ascente.* 9 F. 4th at 845. Plaintiff's assertions do not supply the necessary foundation for her claims of fraud. Therefore, Plaintiff's claims against the tribal Defendants are dismissed based not only on sovereign immunity but also because of failure to comply with Rule 9(b).

Plaintiff has not supplied sufficient justification for the appointment of counsel and her motion for appointment of counsel is denied. (Doc. 3).

**Conclusion**

The Court lacks jurisdiction in this case based on sovereign immunity and lack of standing. That is, tribal sovereign immunity dictates the dismissal of Plaintiff's claims against the Oglala Sioux Tribe Land Office and Oglala Sioux Tribe Land Committee. Plaintiff's lack of standing requires the dismissal of her claims against the Department of Interior and Bureau of Indian Affairs. Furthermore, Plaintiff has failed to supply sufficient facts to enable this lawsuit to proceed. She alleges that tribal employees have engaged in widespread fraud for decades, resulting in the theft of thousands of acres of tribal land. She supports her claim with theories but does not meet the requirements of Rule 9(b) in connection with her claims of fraud.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is granted, (Doc.2);
2. Plaintiff's claims are dismissed without prejudice, (Doc. 1, 1-1);
3. Plaintiff's motion for appointment of counsel is denied, (Doc. 3).

Dated this 31st day of July, 2023.

BY THE COURT:

_/s/ Lawrence L. Piersol_
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_/s/ Matthew Thelen_